

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Ray Mateo*
*Assistant U.S. Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*Direct 973-645-2927*

January 23, 2020

Sent via email
Marc E. Liebman, Esq.
Kaufman, Semeraro & Leibman, LLP
2 Executive Dr. Ste 530
Fort Lee, New Jersey 07024

**RECEIVED**
JULY 21, 2020
AT 8:30_____M
WILLIAM T. WALSH, CLERK

Re:  **Plea Agreement with Tracy Williams**

Dear Mr. Liebman:

This letter sets forth the plea agreement between your client, Tracy Williams, and the United States Attorney for the District of New Jersey ("this Office").

**Charge**

Conditioned on the understandings specified below, this Office will accept a guilty plea from Tracy Williams to a one-count Superseding Information which charges him with use of a communication facility to further a drug trafficking crime, in violation of 21 U.S.C. § 843(b). If Tracy Williams enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will move at sentencing to dismiss the charge against Tracy Williams pending in the Superseding Indictment (Crim. No. 19-804). Additionally, this Office will not initiate any further criminal charges against Tracy Williams for his role in the drug distribution activity set forth in the Superseding Indictment, 19-804 (AET). In the event, however, that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Tracy Williams agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Tracy Williams may be commenced against him, notwithstanding the expiration of the limitations period after Tracy Williams signs the agreement.

1

## Sentencing

The violation of 21 U.S.C. §843(b) to which Tracy Williams agrees to plead guilty carries a statutory maximum prison sentence of 4 years and a statutory maximum fine equal to the greatest of: (1) $250,000; or (2) twice the amount of any pecuniary gain that any persons derived from the offense.

The sentence to be imposed upon Tracy Williams is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Tracy Williams ultimately will receive.

Further, in addition to imposing any other penalty on Tracy Williams, the sentencing judge: (1) will order Tracy Williams to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Tracy Williams to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order Tracy Williams, pursuant to 18 U.S.C. § 3555, to give notice to any victim of his offense; (4) must order forfeiture pursuant to 21 U.S.C. § 853; (5) may deny Tracy Williams certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (6) pursuant to 18 U.S.C. § 3583 , must require Tracy Williams to serve a term of supervised release of up to 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Tracy Williams be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Tracy Williams may be sentenced to not more than 1 year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Tracy Williams by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full

nature and extent of Tracy Williams' activities and relevant conduct with respect to this case.

### Stipulations

This Office and Tracy Williams agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is hereby made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Tracy Williams from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Tracy Williams waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

Tracy Williams understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Tracy Williams understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Tracy Williams wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause him removal from the United States. Tracy Williams understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Tracy Williams waives any and all challenges to his guilty plea and

to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

**Other Provisions**

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Tracy Williams. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Tracy Williams.

No provision of this agreement shall preclude Tracy Williams from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Tracy Williams received constitutionally ineffective assistance of counsel.

**No Other Promises**

This agreement constitutes the plea agreement between Tracy Williams and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties..

Very truly yours,

CRAIG CARPENITO
United States Attorney

*s/   Ray Mateo*
By:  MARTHA K. NYE
     RAY MATEO
Assistant U.S. Attorney
District of New Jersey

APPROVED:

NICHOLAS GRIPPO
Assistant U.S. Attorney
Attorney-In-Charge, Trenton Office

4

I have received this letter from my attorney, Marc E. Liebman, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 2/3/20
Tracy Williams
Defendant

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 2/3/20
Marc E. Liebman, Esq.
Attorney for Tracy Williams

## Plea Agreement with Tracy Williams

### Schedule A

1. This Office and Tracy Williams recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Tracy Williams nevertheless agree to the stipulations set forth herein, and agree that the Court must sentence Williams within the stipulated total guidelines offense level under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. This Office and Williams further agree that neither party will argue for the imposition of a sentence outside the agreed upon range.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2D1.6. That guideline provides that the Base Offense Level is the offense level applicable to the underlying offense. In this case, this Office and Tracy Williams agree that the underlying offense is conspiracy to distribute crack cocaine.

4. The applicable guideline for the underlying offense is U.S.S.G. § 2D1.1. Tracy Williams agrees that his relevant conduct involved the possession with intent to distribute more than 5.6 grams but less than 11.2 grams of crack cocaine. Accordingly, his base offense level is 16. *See* U.S.S.G. § 2D1.1(c)(12).

5. As of the date of this letter, Williams has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Tracy Williams has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Tracy Williams's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Tracy Williams enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Tracy Williams's acceptance of responsibility has continued through the date of sentencing and Tracy Williams therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Tracy Williams's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Tracy Williams will be 13 (collectively, the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the guidelines range that results from the agreed total Guidelines offense level is reasonable.

9. Tracy Williams knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if the sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if the sentence within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.